IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

―――――――――――――

No. 95-20862

Summary Calendar

―――――――――――――

SOLAR TURBINES INTERNATIONAL; SOLAR TURBINES
INCORPORATED,

                                    Plaintiff-Appellant,

                        versus

M/V HOOGEN, ET AL,

                                    Defendant,

SHIP-SIDE CRATING COMPANY,

                                    Defendant-Appellee,

POWELL ELECTRICAL MANUFACTURING COMPANY,

                                    Defendant-Appellee.

―――――――――――――

Appeal from the United States District Court
For the Southern District of Texas
(H-94-CV-1214)

―――――――――――――

August 28, 1996

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Solar Turbines International appeals denial of leave to file

a third-amended complaint.  Shipside Crating Co. and Powell

―――――――――――――

    [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

Electrical Manufacturing Company argue that 28 U.S.C. § 1292(a)(3) does not give us jurisdiction to hear this appeal. We agree.

In March 1993, Solar shipped a Power Control Room from Houston, Texas to Cork, Ireland aboard the M/V Hoogen. During the voyage, the PCR broke loose from its lashings and moved about in stow. The beating severely damaged the PCR. Powell designed and manufactured the PCR. Shipside dismantled and prepared the PCR for ocean carriage.

On April 11, 1994, Solar filed suit for $1.9 million against the M/V Hoogen, Groden Schiffahrts G.m.b.H. & Co. Betriebs - KG, Gulf Global Navigation, Ltd., Transoceanic Shipping Co., Inc., Ocean Projects, Inc., Brown & Root, Inc., Shipside, Powell Industries, Inc., and Powell Industries Offshore. In its first-amended complaint, Solar added Powell as a defendant. In its second-amended complaint, it dropped defendants Powell Industries, Inc. and Powell Industries Offshore.

On February 2, 1995, the district court denied without prejudice Solar's motion for leave to file a third-amended complaint. On September 30, 1995, the lower court granted Shipside's motion to dismiss and Powell's motion for summary judgment. On October 10, 1995, the district court denied Solar's first-amended motion for leave to file a third-amended complaint. Solar appeals that interlocutory order.

Denial of leave to amend a complaint is not an appealable interlocutory order under 28 U.S.C. § 1292(a)(3) because it does

not determine a litigant's rights or liabilities.  E.g., Balboa Shipping Co. v. Standard Fruit & Steamship Co., 181 F.2d 109, 110 (2d Cir. 1950).  The Second Circuit in A.H. Bull Steamship Company v. United States, 235 F.2d 1 (2d Cir. 1956), carved out a narrow exception to this rule where the denial of leave to amend a complaint effectively terminates the litigation.  Here, the denial of leave to amend does not terminate the litigation.  Claims against the M/V Hoogen and others are still pending in the lower court.  This appeal is premature.

Accordingly, we DISMISS Solar's appeal.